# EXHIBIT "A"

# EXHIBIT "A"

### AFFIDAVIT OF HEIDI WEBER

Personally appeared before me the undersigned notary public duly authorized to administer oaths, Heidi Weber who being duly sworn says and deposes as follows:

1.

My name is Heidi Weber and I am more than eighteen-years-old and competent to make this affidavit from my own personal knowledge. I have personal knowledge of the facts set out below and participated in the interactions reported below.

2.

I am the owner/president of American Spirit & Cheer Essentials, Inc., an apparel company specializing in cheer apparel for the cheerleading industry and I have been running this business since 2007.

3.

My company, American Spirit & Cheer Essentials, Inc. has been excluded and prevented from selling our apparel products from much of the available market because Varsity Brands and their subsidiaries have entered into exclusive sales

agreements with hundreds of schools to lock out competitors, such as our company, from being able to compete and to sell to any school that has an exclusionary agreement with Varsity. Under these exclusionary agreements which are generally for three or five year periods, Varsity has blocked their competition from engaging in a free competitive market.

4.

These scholastic exclusionary agreements between the schools and Varsity Brands and their subsidiaries, have impacted our business and other non-Varsity apparel competitive businesses through lost sales and lost markets otherwise available to us in the scholastic customer base.

5.

I am aware of other similar conduct done on the part of Varsity Brands and their subsidiaries to limit the competitive market in the cheerleading apparel business. For instance, I was a high school independent (not a teacher or employee of the school) coach of a high school cheerleading squad. Many of the cheerleading coaches are independent coaches as opposed to a full time teacher or employee coach of the school system. As a scholastic cheerleading coach, I was a board member in 2014 of OCCA (Oklahoma Cheer Coaches Association), which is a division of OCA (Oklahoma Coaches Association). In fact, I was the president-elect of OCCA that

year. Varsity had an exclusive sponsorship agreement with OCA. This exclusive sponsorship allowed Varsity to limit all exhibitors at the yearly OCCA convention to only Varsity Brands companies thus excluding all other independent apparel or cheerleading industry companies from exhibiting our merchandise as vendors to the scholastic coaches market at the convention. In fact, OCA states that because of their sponsor partnership with Varsity, it gives Varsity exclusive rights during the annual clinic/convention contending that no outside competitors/vendors may attend and/or sponsor an organized event for the cheer coaches during the convention. It is a OSSA requirement for a school to compete in the OSSAA state cheerleading championship, that a coach from each team must attend the rules meeting at this convention. As this convention is the only time yearly when all the coaches are available for sales pitches, this exclusion arrangement was a huge advantage to the Varsity sales staff.

6.

In 2014, Varsity was worried that there were too many independent coaches with competing business interests (i.e. owned competing sneaker, apparel, independent event producers, independent camp owners, etc.) on the OCCA board of directors so they went to OCA and requested that they change their rules. Varsity argued that it would be unethical for OCCA board members to use their position and information to gain from that position by promoting their own business (which is

exactly what Varsity does and is still doing).

7.

The rule change suggested by Varsity went into effect in 2014 which required all board members to be an official school employed coach and not an outside independent coach. This rule change eliminated 75% of the then current board members in 2014 and eliminated myself from becoming the next President of OCCA. This decision was another move by Varsity to minimize and/or to eliminate competition from other non-Varsity companies in the cheer market.

8.

During 2015 my company, American Spirit & Cheer Essentials, Inc. entered into an agreement with Lid Team Sports as their vendor to design, create all patterns, manufacture, create marketing material, and to deliver to customers through Lid Team Sports an entire line of private label cheerleading uniforms. My company created a design specialist and invested thousands of dollars into this project and we delivered the full line of custom designed uniforms to Lid. The uniform line was test marketed in a small area with only about five sales staff and generated over $30,000 in sales. We were about to launch the full uniform line nationwide with 492 sales representatives and over 200 All Schools deals which would have generated millions in sales dollars when Varsity decided to eliminate our competition and bought Lid

Team Sports in 2016 thus cancelling out our agreement with Lid. All our efforts, time, investment money and future sales were lost to our detriment.

9.

Varsity Brands and their subsidiaries have also passed a rule that in order to compete at their High School National Competition, a school must attend one of their Varsity camps, or obtain private choreography. This in effect pushes out and/or limits the independent run camp companies and the independent apparel companies from the competitive market. It also has the effect of making the teams loyal to Varsity.

10.

The Varsity exclusive contracts with schools and the rules forced upon the cheerleading industry by Varsity have impacted my business, American Spirit & Cheer Essentials, Inc. and other similarly situated companies through lost sales and lost markets otherwise available in the customer base.

Further Affiant Sayeth Not.

_____
Heidi Weber, President of
American Spirit & Cheer Essentials, Inc.

Sworn and Subscribed before me

this 8th Day of July ,2020.

_Lorena Dryden_
Notary Public

LORENA DRYDEN
NOTARY
EXPIRES
GEORGIA
JUN.09,2024
PUBLIC
COBB COUNTY

Page 5 of 5