UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., ROCKSTAR CHAMPIONSHIPS, LLC, JEFF & CRAIG CHEER, LLC, d/b/a JEFF AND CRAIG CAMPS, and ASHLEY HAYGOOD, Individually and on Behalf of All Others Similarly Situated<br><br>    Plaintiffs,<br> v.<br><br>VARSITY BRANDS, LLC, BSN SPORTS, LLC, VARSITY SPIRIT, LLC, STANBURY, LLC, HERFF JONES, LLC, BAIN CAPITAL, LP, CHARLESBANK CAPITAL PARTNERS, LLC, VARSITY BRANDS HOLDING CO., INC., VARSITY SPIRIT FASHION & SUPPLIES, LLC, U.S. ALL STAR FEDERATION, INC., USA FEDERATION FOR SPORT CHEERING, d/b/a USA CHEER, VARSITY INTROPA TOURS, LLC and JEFF WEBB,<br><br>    Defendants. | Civ. Action No. 1:20-cv-03088 |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO TRANSFER**

Defendants Varsity Brands, LLC; BSN Sports, LLC; Varsity Spirit, LLC; Stanbury Uniforms, LLC; Herff Jones, LLC; Varsity Brands Holding Co., Inc.; Varsity Spirit Fashion & Supplies, LLC; Varsity Intropa Tours (together, the "Varsity Defendants"); U.S. All-Star Federation, Inc.; USA Cheer; Charlesbank Capital Partners, LLC; and Bain Capital, LP (together with the Varsity Defendants, "Defendants") hereby submit this reply memorandum of law in support of their motion transfer the case to the United States District Court for the Western District of Tennessee.

## ARGUMENT

This is a very simple situation. The very facts and claims that Plaintiffs seek to litigate here are being litigated today in the Western District of Tennessee. Judge Sheryl Lipman is presiding over that case and is scheduled to have an initial conference on September 30. The parties anticipate dispositive motion practice to begin shortly thereafter. Plaintiffs do not dispute the overlap, but nevertheless want this Court to expend its own resources paralleling the proceedings before Judge Lipman, including overseeing motions to dismiss on identical issues, and, if the case goes forward after those motions are decided, overseeing discovery, class certification and ultimately trial.

Plaintiffs do not dispute that the cases should be litigated in the same court, and they fail to overcome the overwhelming factors that support transfer to the Western District of Tennessee. These include a forum-selection clause that one of the Plaintiffs has with one of the Defendants, the fact that the original case that is now pending in the Western District of Tennessee was filed months before this action, the fact that one of the Plaintiffs is a member of the putative class in the case in the Western District of Tennessee, and the fact that the events at issue in the case largely took place in the Western District of Tennessee, where most of the apparently relevant parties and employees reside.

## I. The "First-Filed" Rule Favors Transfer

Plaintiffs seek refuge in the "first-filed" rule. (*See* Pls.' Mem. at 5.) But, as discussed in Defendants' opening brief, the first case was originally filed in the Northern District of California on May 26, 2020 and refiled in the Eastern District of Pennsylvania on July 10, 2020 along with an additional case that had been filed in that district on July 2, 2020; this case was not filed anywhere until July 24, 2020. (*See* Defs.' Mem. in Support of Mot. to Transfer, at 2-3, ECF No. 34-1.) In response to Defendants' motion to transfer in the Eastern District of Pennsylvania, the original cases were refiled in the Western District of Tennessee and subsequently consolidated. Plaintiffs do not dispute that they copied whole paragraphs from the

original complaint filed in May, establishing that the case now pending in the Western District of Tennessee was, indeed, the first filed. (*See id.* at 3-4.)

## II. Rockstar's Forum-Selection Clause with USASF Requires Transfer

Although they have conceded that Rockstar Championships ("Rockstar") entered into a forum-selection clause with the USASF and are not disputing that such a clause is dispositive under relevant Supreme Court precedent, Plaintiffs argue that the clause is inapplicable because its claims are not "brought under the USASF Member contract." (Pls.' Mem. at 7.) But that is incorrect. Plaintiffs allege in part that Varsity and USASF conspired to foreclose independent event producers from competing by requiring compliance with USASF's allegedly anticompetitive policies in order to gain membership with USASF. (*See* Compl. ¶¶ 185-88.) Because Plaintiffs challenge the policies they agreed to abide by when entering into contracts with USASF, the claims against USASF at least are in large measure a dispute under the contract and must therefore be litigated in Shelby County, Tennessee, the seat of the proposed transferee court. *See, e.g.*, *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987) (en banc) (per curium) (enforcing forum-selection clause to transfer federal antitrust claims where forum-selection clause by its terms covered "any case or controversy arising under or in connection with this Agreement" necessarily including "all causes of action arising directly or

indirectly from the business relationship evidenced by the contract"). The Eleventh Circuit in *Stewart* likewise rejected Plaintiffs' argument that the forum-selection clause is "limited to disputes both brought under contract and governable by Tennessee state law." (*See* Pls.' Mem. at 7-8.) There, the forum-selection clause required venue in the "courts in New York City, the Borough of Manhattan," and the Eleventh Circuit ordered the district court to transfer the case, including the federal antitrust claims, to the "appropriate court in the City of New York and the Borough of Manhattan." *Stewart*, 810 F.2d at 1066, 1071. That is what should happen here.

## III.   The Other Factors Together Strongly Favor Transfer

Whether the forum-selection agreement is dispositive or not, Plaintiffs' other arguments fail as well.

### A.   Convenience of Third-Party Witnesses

Plaintiffs argue that the convenience of the witnesses favors this district. (Pls.' Mem. at 9-10.) Plaintiffs do not, however, identify a single third-party witness, much less one who would be inconvenienced by transferring the case. To the contrary, Plaintiffs speak of unnamed witnesses from "San Diego, California to Caribou, Maine." (Pls.' Mem. at 10.) Plaintiffs' argument that there are more college campuses in this district than in the Western District of Tennessee is similarly specious; again, Plaintiffs do not identify a single witness from any of the many

college campuses in this district that are expected to testify in this case. Nor do they disclaim that there may be witnesses from college campuses in the Western District of Tennessee. Defendants, on the other hand, have provided evidence to the Court that, to the extent the future course of this case can be gleaned from the Complaint, at a minimum potentially relevant employees of Varsity are likely to be in the Western District of Tennessee, not the Northern District of Georgia. (*See* Newby Decl. ¶¶ 5, 8.)

### B.   Location of Relevant Documents and Sources of Proof

Plaintiffs state that "both witnesses and reliable documents evidencing [exclusive dealing] contracts" are located nationwide. (Pls.' Mem. at 10.) But Varsity's contracts are of course located in Memphis, not this district. Plaintiffs do not identify any other relevant documents.

### C.   Convenience of the Parties

Plaintiffs argue that one of the four Plaintiffs, Ms. Haygood, is a resident of the Northern District of Georgia. But they offer no response to the precedent cited in Defendants' opening memorandum to the effect that the choice of forum of an individual seeking to represent a class is entitled to little if any deference. (*See* Defs.' Opening Mem. at 17-18.) Plaintiffs concede that the other plaintiffs are not residents of this district. (Pls.' Mem. at 11.)

Plaintiffs agree that the Western District of Tennessee would be more convenient for Defendants, including the individual Defendant Jeff Webb. They assert, however, that several Defendants "routinely operate in the Northern District already." (Pls.' Mem. at 12.) But that is beside the point—transfer under 28 U.S.C. § 1404(b) does not require the defendants to be entirely absent from the district. Apparently in an effort to show that Varsity at least has presence in this district, Plaintiff identifies eleven events that the Varsity Defendants are planning on holding in the Northern District of Georgia from September 22, 2020 to September 22, 2021. But those eleven events represent less than 3% of the more than 400 events that Varsity is planning on holding in the United States during the same period.[1] And, of course, Plaintiffs seek to represent nationwide classes, not classes limited to residents of the Northern District of Georgia or to participants in events in this district.

---

[1] *See* https://www.myvarsity.com/CompetitionSearch?competitionType=Cheer%2CDance%2CGame%20Day&endDate=9%2F22%2F2021&searchRadius=*%20mi&startDate=9%2F22%2F2020&teamType=All%20Star%2CSchool%2CRecreation&utm_campaign=competition-17-18&utm_content=search&utm_medium=Varsity&utm_source=varsitydotcom&zipCode=30350. Indeed, Plaintiffs allege in their Complaint that "Varsity Spirit puts on over 600 cheerleading competitions across the country annually." Compl. ¶ 138.

### D.     Locus of Operative Facts

Perhaps Plaintiffs' most curious argument is that "the locus of operative facts weighs in favor of the Northern District of Georgia." (Pls.' Mem. at 15.) They concede that what they call the "planning or management" activities—in other words, the events that are at the very core of its claims—took place in Memphis. (*Id.*) They nevertheless argue that, because Varsity has customers all over the country, Atlanta is more of the locus of operative facts because more people live in the Northern District of Georgia than in the Western District of Tennessee. (*Id.*) Plaintiffs cite no precedent to support this tortured reading of 28 U.S.C. § 1404(b).

### E.     Ability to Compel Witnesses

Plaintiffs assert that the ability to compel attendance at trial is a neutral factor because no witnesses have been identified. (Pls.' Mem. at 15.) While it is true that Plaintiffs have identified no witnesses, employees of the Varsity Defendants who the Complaint squarely allege to be relevant to this case likely reside in the Memphis area and would not be susceptible to the subpoena power of this Court. *See* Newby Decl. ¶¶ 5, 8.

### F.     Relative Means of the Parties

Plaintiffs are obviously well-funded organizations with a well-resourced law firm backing them, presumably on a contingency basis. The three commercial

Plaintiffs certainly have the means to pursue the litigation in the Western District of Tennessee, which, as discussed above, is no more burdensome to them than this district would be. Ultimately, Plaintiffs provide no basis to conclude that they lack the means to conduct this litigation anywhere in the United States, let alone a few hundred miles away in Memphis.

### G.   Forum Familiarity with Governing Law

As to the relative familiarity with the governing law, Plaintiffs concede that the Western District of Tennessee "may have comparable experience in class actions and sufficient experience in antitrust cases" as this district. (Pls.' Mem. at 18.) Plaintiffs' argument that "experience with Georgia antitrust law tips the balance in favor of the Northern District of Georgia" is a *non sequitur* because Plaintiffs do not assert any claims under the Georgia antitrust laws. (*Id.*)

Plaintiffs' other argument—that this Court is more familiar with the Georgia RICO statute than the Western District of Tennessee—is simply grasping at straws. As the Eleventh Circuit held in upholding the dismissal of claims under the Georgia RICO statute when parallel claims had been dismissed under the federal RICO statute, "Georgia's RICO statutes are essentially identical to the federal RICO statutes." *Morast v. Lance*, 807 F.2d 926, 933 (11th Cir. 1987).

Plaintiffs identify no distinction between the Georgia RICO statute and the federal RICO statute either as written or as interpreted that could conceivably be relevant to this case. The unpublished cases they identify certainly do not suggest any relevant distinction. *See, e.g.*, *Functional Products Trading, S.A. v. JITC, LLC*, No. 1:12-cv-0355-WSD, 2014 WL 3749213, at *3 (N.D. Ga. July 29, 2014) ("The Georgia RICO Act is modeled on the federal RICO statute and, in the absence of Georgia authority, Georgia courts often look to federal decisions for guidance on the interpretations of similar provisions of the Georgia RICO Act.") In any event, Plaintiffs' Georgia RICO claims are the ultimate "tail wagging the dog," given the antitrust claims and federal RICO claims are obviously the main claims in the case.

## CONCLUSION

For the reasons stated above and in their opening brief, Defendants respectfully request that the Court grant their Motion to Transfer this case to the Western District of Tennessee.

Respectfully submitted this 25th day of September, 2020.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**

*/s/ Sarah M. Carrier*
Jennifer G. Cooper
Georgia Bar No. 305255
Sarah M. Carrier
Georgia Bar No. 377848
3414 Peachtree Rd., NE, Ste 1500
Atlanta, GA 30326
Phone: (404) 577-6000
Fax: (404) 221-6501
jcooper@bakerdonelson.com
scarrier@bakerdonelson.com

Grady Garrison (*pro hac vice* pending)
Nicole D. Berkowitz (*pro hac vice* pending)
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com

*Attorneys for Varsity Brands, LLC; BSN Sports, LLC; Varsity Spirit, LLC; Stanbury Uniforms, LLC; Herff Jones, LLC; Bain Capital, LP; Charlesbank Capital Partners, LLC; Varsity Brands Holding Co., Inc.; Varsity Spirit Fashion & Supplies, LLC; Varsity Intropa Tours; U.S. All Star Federation, Inc.; USA Federation for Sport Cheering, d/b/a USA Cheer*

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

George S. Cary (*pro hac vice* motion forthcoming)
Steven J. Kaiser (*pro hac vice* motion forthcoming)
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com

*Attorneys for Varsity Brands, LLC; BSN Sports, LLC; Varsity Spirit, LLC; Stanbury Uniforms, LLC; Herff Jones, LLC; Bain Capital, LP; Charlesbank Capital Partners, LLC; Varsity Brands Holding Co., Inc.; Varsity Spirit Fashion & Supplies, LLC; and Varsity Intropa Tours*

# **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rules 5.1(C) and 7.1(D).

Respectfully submitted this 25th day of September, 2020.

> */s/ Sarah M. Carrier*
> Sarah M. Carrier
> Georgia Bar No. 377848
>
> *Attorney for Varsity Brands, LLC*; *BSN Sports, LLC*; *Varsity Spirit, LLC*; *Stanbury Uniforms, LLC*; *Herff Jones, LLC*; *Bain Capital, LP*; *Charlesbank Capital Partners, LLC*; *Varsity Brands Holding Co., Inc.*; *Varsity Spirit Fashion & Supplies, LLC; Varsity Intropa Tours; U.S. All Star Federation, Inc.*; *USA Federation for Sport Cheering, d/b/a USA Cheer*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing ***Defendants' Reply Memorandum in Support of Motion to Transfer*** by filing the same using the Court's ECF system, which will automatically send notification to the following attorneys of record:

Robert A. Falanga, Esq.
Kobelah S. Bennah, Esq.
Law Offices of Falanga & Chalker
11200 Atlantis Pl #C
Alpharetta, GA 30022
rfalanga@falangalaw.com
kobelah@falangalaw.com

*Attorneys for Plaintiffs*

Talis C. Trevino, Esq.
Locke Lord LLP
Terminus 200, Suite 1200
3333 Piedmont Road, NE
Atlanta, GA 30305
talis.trevino@lockelord.com

Paul Coggins, Esq.
Brendan Gaffney, Esq.
Locke Lord LLP
2200 Ross Avenue
Dallas, TX 75201
pcoggins@lockelord.com
bgaffney@lockelord.com

*Attorneys for Defendant Jeff Webb*

Respectfully submitted this 25th day of September, 2020.

*/s/ Sarah M. Carrier*
Sarah M. Carrier
Georgia Bar No. 377848

*Attorney for Varsity Brands, LLC; BSN Sports, LLC; Varsity Spirit, LLC; Stanbury, LLC; Herff Jones, LLC; Bain Capital, LP; Charlesbank Capital Partners, LLC; Varsity Brands Holding Co., Inc.; Varsity Spirit*

*Fashion & Supplies, LLC; Varsity Intropa Tours; U.S. All Star Federation, Inc.*; *USA Federation for Sport Cheering, d/b/a USA Cheer*